IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  05-cv-00711-LTB-MJW

MARLYS RATHBUN,

Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., and
THE QWEST TELEPHONE CONCESSION PLAN,

Defendants,

v.

COMMUNICATIONS WORKERS OF AMERICA, ASSOCIATION OF US WEST
RETIREES, and MARY M. HULL,

Intervenor Defendants.

_____

ORDER
_____

        The defendant Qwest Communications International, Inc. ("Qwest") previously allowed

for retired, former employees discounted telephone service to those who resided within its

coverage area and reimbursements to those who lived without.  Two class action lawsuits

followed Qwest's alleged termination of its reimbursement program on January 1, 2004.  The

first, filed in Colorado state court by Wesley Colvin on behalf of all retirees whose

reimbursements had ended, was predicated upon contractual and promissory estoppel theories and

resulted in a settlement.  The plaintiff, Marlys Rathbun, premised the second suit, this case, upon

the theory that the reimbursement constituted a plan governed by the Employee Retirement

Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").  Ms. Rathbun and other retirees have declined to participate in the settlement of the Colvin litigation.

The Association of US West Retirees ("AUSWR"), which represents numerous retirees who receive or received the telephone benefit, and Mary M. Hull, its President, have moved for leave to intervene here pursuant to Fed. R. Civ. P. 24 for the purpose of contesting class certification.  (US West was Qwest's predecessor in interest.)  Ms. Hull resides within Qwest's coverage area and receives the discounted service.  The AUSWR financed and oversaw, and its counsel prosecuted, the Colvin action.  It took pains in that case to characterize Qwest's conduct as a breach of contract rather than a violation of ERISA.  After settling its claims with Qwest, it amended its complaint to include, in order directly to compromise, an ERISA claim.

The AUSWR and Ms. Hull contend that Ms. Rathbun's success in this case would harm retirees; a judicial pronouncement that the telephone benefit is governed by ERISA could trigger a determination that the benefit is taxable income.  Though perhaps from the perspective of at least some retirees, Ms. Rathbun's theory has much to commend it, this disadvantage is too severe for Ms. Hull and her fellows to countenance.  Having differently ordered their financial priorities, the two groups of retirees thus find themselves at odds concerning how best to pursue satisfaction from Qwest.

Rule 24 provides for intervention under alternate standards.

(a) Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention.  Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

An applicant may intervene as a matter of right pursuant to Rule 24(a) if "(1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. Partnership v. BP America Production Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

Ms. Rathbun faults the proposed intervenors for failing to intervene for a time after the commencement of the case on September 13, 2004.  Ms. Rathbun moved for class certification on December 15, 2005 and Ms. Hull and the AUSWR filed the present motion on January 27, 2006.  Ms. Rathbun points out that representatives of the AUSWR knew of the pendency of this lawsuit at least at the time – October of 2004 – that the Colvin case attained settlement; a reference to this case appears in a notice of settlement of the Colvin suit.

Though the AUSWR's counsel might have been aware of this lawsuit, he claims to have been ignorant of Ms. Rathbun's motion to certify a class in this case and the grounds therefore until he fortuitously and recently discovered the motion on this Court's electronic docketing system.  Though, as Ms. Rathbun points out, I might infer that Ms. Hull and the AUSWR knew her theory of the case from early on, I might also on the information before me infer their ignorance.  Ms. Rathbun does not claim to have notified the AUSWR or the retirees it represents of her arguments, which carry the potential to subject the retirees to tax liabilities.  The prospect

3

of those liabilities is sufficiently vexatious to the retirees that any delay in the proposed intervenors' efforts is minimal compared to the importance of the issues implicated.  *Elliott Indus.*, 407 F.3d at 1103-1104.

That Ms. Rathbun conceded the intervention of the Communications Workers of America ("CWA") also commends a finding of timeliness.  CWA filed its motion to intervene on February 3, 2006, seven days after Ms. Hull and the AUSWR moved to intervene.  Ms. Rathbun acceded to the CWA's request because the CWA disclaimed any intention to delay this litigation.  Ms. Hull and the AUSWR also deny any intention to cause delay.  I find and conclude, therefore, that the motion to intervene is timely.

The AUSWR's claimed interest in the transaction which is the subject of this action must be direct, substantial, and legally protectable.  *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior*, 100 F.3d 837, 840 (10th Cir. 1996).  This test is calibrated to involve as many apparently-concerned persons in this lawsuit as is compatible with efficiency and due process.  *Id*. at 841.  It includes Ms. Hull and the AUSWR here.  A ruling on the merits of this case will directly and substantially affect, and possibly impair, a legally-protectable interest of the retirees, namely the retention of a tax-free benefit collected and, in some cases, accruing.

Finally, the existing parties do not adequately represent the proposed intervenors' interests.  Ms. Rathbun makes alternate arguments on this point, first asserting that she is pursuing the AUSWR's objectives, then claiming that Qwest does so.  Her apparent incongruity illustrates that neither she nor Qwest has interests entirely contiguous with those of the AUSWR retirees.  She espouses a theory to which are attendant tax consequences that at least some retirees desire

4

to avoid. *Compare*, *Block v. First Blood Associates*, 691 F. Supp. 685, 695 (S.D.N.Y. 1988). Though Qwest opposes Ms. Rathbun's motion to certify a class, it does not share the AUSWR's motivation vigorously to dispute the characterization of the telephone benefit for tax purposes. The AUSWR's advocacy on that point will assist the Court.  In short, Ms. Rathbun purports to represent the class of Qwest retirees and intervention by the AUSWR will help me determine whether that claim has merit.

Alternatively, I exercise my discretion to permit Ms. Hull and the AUSWR to intervene pursuant to Rule 24(b).  Common questions of law bind the AUSWR's interests to the outcome of Ms. Rathbun's motion for class certification.  Also, I find and conclude that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.  The AUSWR and Ms. Hull have not moved to intervene generally but rather only for the purpose of contesting class certification.  If, as they argue, Ms. Rathbun does not in fact protect the interests of the class, then she has no right to represent the class pursuant to Rule 23.  Because intervention for this limited purpose will not affect Ms. Rathbun's entitlement to the telephone benefit, she will suffer no prejudice.  *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990), *cert. denied sub nom.*, *American Special Risk Ins. Co. v. Rohm & Haas Co.*, 498 U.S. 1073, 111 S. Ct. 799, 112 L. Ed. 2d 860 (1991).

Accordingly, it is ORDERED that the motion of Ms. Hull and the AUSWR to intervene

(Doc 56) is GRANTED and the caption is amended accordingly.

Dated: March __7__, 2006, in Denver, Colorado.

BY THE COURT:


____s/Lewis T. Babcock_____
Lewis T. Babcock, Chief Judge