IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00711-LTB-MJW

MARLYS RATHBUN,

        Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., et al.,

        Defendants,

v.

COMMUNICATIONS WORKERS OF AMERICA, et al.,

        Intervenor Defendants.

_____

**ORDER GRANTING JOINT AND UNOPPOSED MOTION REGARDING REVISED CLASS DEFINITION AND AMENDMENT OF COMPLAINT**
_____

The Court, having reviewed the Joint and Unopposed Motion Regarding Revised Class Definition and Amendment of Complaint ("Motion") filed by Plaintiff Marlys Rathbun ("Plaintiff") and Defendants Qwest Communications International, Inc. ("Qwest") and the Alleged Qwest Telephone Concession Plan (jointly, "Defendants"), hereby ORDERS that:

1.      The Motion is GRANTED.

2.      Plaintiff's proposed class definition shall be deemed to be revised as of the date of this Order to exclude all In-Service-Area Retirees and their spouses, in accordance with paragraph B(1) of the Motion (the "Proposed Revised Class Definition").

3. Plaintiff's Complaint shall be deemed to be amended to allege the existence of an ERISA pension plan only on behalf of employees of Qwest (or a predecessor) who retired or will retire after January 1, 1984 and who resided outside the Qwest Service Area as of December 2003.

4. The issue of whether this Court should certify the putative class identified in the Proposed Revised Class Definition shall be briefed as follows:

(a) Plaintiff shall file a memorandum in support of Class Certification within 20 days of the date of this Order;

(b) Defendants shall file any memorandum in opposition to Class Certification insofar as it concerns employees/retiree putative class members within 20 days after the date on which Plaintiff files such memorandum, and shall file any memorandum in opposition to such certification insofar as it concerns spousal putative class members within 30 days of the date, if any, on which the Court grants Plaintiff's Motion to Consolidate; and

(c) Plaintiff shall file any reply in support of certification of the class identified in the Proposed Revised Class Definition within 40 days of the later of (i) the date of an Order denying Plaintiff's Motion to Consolidate or (ii) the date on which Defendants file their last memorandum in opposition to the revised class definition.

5. Defendants' pending Motion for Summary Judgment (D.E. #70 & 74) shall be deemed withdrawn, and Defendant shall be entitled to file a renewed Motion for Summary Judgment regarding whether the Telephone Concession provided to Out-of-Service-Area Retirees and Out-of-Service-Area Employees who retire after January 1, 1984 constitutes an ERISA pension plan, which motion shall be filed and briefed as follows:

    (a) Defendants' motion and supporting brief shall be filed within 20 days of the date of this Order;

    (b) Plaintiff's memorandum in opposition to such motion shall be filed within 30 days after the filing of such motion; and

    (c) Defendants' reply memorandum shall be filed within 30 days after the filing of such opposition briefs.

  6. Defendants shall be entitled to file a substituted memorandum in opposition to Plaintiff's Motion for Partial Summary Judgment within 30 days of the date of this Order, and Plaintiff shall be entitled to file a reply memorandum in support of her motion for partial summary judgment within 30 days thereafter.

  7. All other deadlines set forth in the Scheduling Order shall remain unchanged.

DATED this  18th  day of May 2006.

                s/Lewis T. Babcock
                Lewis T. Babcock, Chief Judge